# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ALONZO F. ELLERMAN, | ) |
| Movant, | ) |
| vs. | ) Case No. 06-3051-CV-S-RED |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

Now pending before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) filed by Alonzo F. Ellerman. In this Motion, Movant seeks post-conviction relief, arguing that the government failed to disclose evidence favorable to the defense; that his conviction was obtained through the use of tainted evidence; that his counsel was ineffective; and that evidence used to convict him was obtained through an unlawful search and seizure. For the reasons set forth below, the Court finds that Movant's § 2255 Motion (Doc.3) is due to be **DENIED**.

## I. Factual and Procedural Background

On January 23, 2003, Movant was charged in a seven count indictment with conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 , 841(a)(1) and (b)(1)(A) (Count I), and with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count II). Movant pled not guilty, and following a jury trial, Movant was found guilty of both counts on November 5, 3003. On March 5, 2004, the Court sentenced Movant to a term of imprisonment of 360 months on Count One and 120 months on count Two, with the sentences to run concurrently. Movant filed an appeal, alleging five points of error by this Court.

On June 20, 2005, the Eighth Circuit Court of Appeals found no error and affirmed Movant's conviction and sentence. *United States v. Ellerman*, 411 F.3d 941 (8th Cir. 2005).

On February 3, 2006, Movant filed his § 2255 motion (Doc. 1) with the Court. The Government's Response (Doc. 4) was filed on March 31, 2006, and Movant's Reply (Doc. 6) was filed on April 14, 2006.

## II. Standard of Review

Section 2255 of Title 28 allows a prisoner in federal custody to attack a sentence imposed by a federal court, on grounds that the court lacked jurisdiction to impose the sentence, that the sentence was not authorized by law or was otherwise open to collateral attack, or that the prisoner's constitutional rights have been denied or infringed upon to render the judgment vulnerable to collateral attack. 18 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 448, 470, 7 L. Ed. 2d 417 (1962). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.* Ineffective assistance of counsel, if proved, satisfies this standard. *Id.*

## III. Analysis

In his amended § 2255 Motion, Movant alleges four grounds for relief. First, Movant argues that the Government failed to disclose evidence favorable to the defense. Second, Movant argues that he was convicted on the basis of unconstitutionally tainted evidence. Third, Movant argues that his trial and appellate counsel, John Kizer, was ineffective. Finally, Movant argues that his

conviction was obtained through the use of unlawfully seized evidence. The Court will consider each of these arguments separately below.

### *1. Government's Failure to Disclose Evidence*

Movant first argues that the Government failed to provide him with evidence that Criminalist Matthew Barb tampered with evidence while he was employed at the Missouri State Highway Patrol criminal laboratory. The Government, construing Movant's argument on this point as challenge brought under *Brady v. Maryland,* 373 U.S. 83 (1963), argues that no *Brady* violation occurred.

In order to prove a *Brady* violation, Movant must show: "1) that the government suppressed evidence; 2) that the evidence was exculpatory; and 3) that the evidence was material to either guilt or punishment." *United States v. Gary*, 341 F.3d 829 (8th Cir. 2003). Exculpatory evidence is material favorable to the accused. *United States v. Nelson*, 970 F.2d 439, 442 (8th Cir. 1992). Evidence is material under *Brady* "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Ryan*, 153 F.3d 708, 711 (8th Cir. 1998). In other words, Movant must demonstrate a reasonable probability that had evidence of Barb's tampering been disclosed during trial, the jury would have acquitted him of the charged offenses.

Here, Movant's argument must fail, because he has failed to prove all necessary elements of a *Brady* violation. For one, there is no evidence in the record that the Government suppressed evidence of Barb's tampering. Indeed, the Government asserts that it did not even know about Barb's improprieties until several months after the conclusion of Ellerman's trial. Furthermore, upon discovering this information, the Government notified Movant's counsel of the allegations

-3-

against Barb. (*See* Doc. 4, exhibit "B")

Additionally, the evidence of Barb's alleged tampering cannot be said to be material to Movant's guilt. The evidence adduced at trial independent of Barb's lab reports overwhelming shows that Ellerman was involved in the methamphetamine conspiracy. Ellerman admitted to law enforcement officers that he distributed methamphetamine that he obtained from his co-conspirator Michael Burns. *Ellerman*, 411 F.3d at 943. This confession was further corroborated by co-conspirator Howard Neustel's testimony that he witnessed Burns distribute methamphetamine to Ellerman, and that eventually Neustel himself distributed methamphetamine to Ellerman. *Id.* at 944. It was further shown that Neustel distributed 342 1/4 grams of methamphetamine to Ellerman and that he received $20,580.00 and several guns from Ellerman as payment for the drugs. *Id.* Thus, even had the evidence of Barb's indiscretions been available to the Government at the time of Movant's trial and further disclosed to the defense, Movant has not shown by a reasonable probability that the result of his trial would have been different. Accordingly, because the Court finds no *Brady* violation, Movant is not entitled to relief on this point.

## 2. *Tainted Evidence*

Movant's second argument for relief is that his conviction was based on evidence tampered with by Matthew Barb. While the record indicates that Barb's lab reports were admitted into evidence by stipulation of the parties, neither Movant nor the Government knew at the time of Movant's trial that Barb was under investigation for tampering. Additionally, even assuming *arguendo* that the lab reports in the instant case were tampered with by Matthew Barb, this factor alone does not warrant setting aside Movant's sentence. As discussed in Subpart 1, *supra*, Movant confessed to officers that he distributed methamphetamine. This statement was further corroborated

Case 6:06-cv-03051-RED   Document 8   Filed 08/09/06   Page 4 of 8

by Movant's co-conspirator Howard Neustel and other evidence introduced at trial. These factors alone were more than sufficient to find Movant guilty of the conspiracy to distribute methamphetamine. Accordingly, Movant's argument on this point must fail.

*3. Ineffective Assistance of Counsel*

Movant's third ground for relief is that his trial and appellate counsel, John Kizer, was ineffective. Specifically, Movant alleges five instances of ineffectiveness by counsel. First, that counsel failed to investigate that Movant was incarcerated on June 29, 2002, the date of the conspiracy offense charged in the indictment. Second, that counsel did not present evidence to this Court or the court of appeals that Movant's sentence was incorrect and that the wrong sentencing guidelines were applied. Third, that counsel failed to challenge the lab reports of Matthew Barb. Fourth, that counsel failed to object to the Government's statements regarding the identification of Movant as "Lonnie" in a drug ledger that was introduced into evidence. Finally, that counsel failed to object to the Government's drug quantity calculation. The Government responds that none of these alleged errors rises to the level of ineffective assistance of counsel within the meaning of *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

To prevail on an ineffective assistance of counsel claim, a convicted defendant must show counsel's performance "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688 (1984). This entails a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* In addition, the defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Accord Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (admonishing that the prejudice prong

encompasses more than mere outcome determination; rather the focus of the question is 'whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair'). Ordinarily, if the defendant cannot prove prejudice, it is not necessary to address whether counsel's performance was deficient. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Here, the Court finds that none of the alleged errors by Movant's counsel actively prejudiced Movant. First, although Movant states that counsel should have "investigated the dates the Government claimed the offense occurred and found that [Movant] was in the county jail and could not have been involved in the crime on 7-29-02 as the Government states in the indictment," the indictment does not state that the conspiracy crime for which Movant was convicted occurred solely on July 29, 2002. Rather, the indictment charges that the conspiracy in question began as early as April 1998 and continued until July 29, 2002. (*See* Doc. 1 in case 03-3011-03-CR-S-RED) Since the conspiracy in question predated Movant's alleged confinement by over four years, Movant's incarceration on the last day of the conspiracy time frame and his counsel's alleged error in failing to uncover this fact would be of no significance in regard to exonerating Movant from any and all involvement in the conspiracy.

With respect to counsel's alleged second error, Movant simply does not list which aspect of his sentence is incorrect or what sentencing guideline provisions should have been applied. As such, Movant has failed to state a claim on this point.

As to the third alleged error, the Court has previously found that the lab reports of Matthew Barb–even if it is assumed that they were tampered with–would not entitle Movant to relief. It follows that had counsel made this argument at sentencing or on appeal, it would not have

-6-

succeeded. *See United States v. Johnson*, 707 F.2d 317, 323 (8th Cir. 1983) (failure to raise a non-meritous motion does not rise to the level of ineffective assistance of counsel).

The Court also fails to see how counsel was ineffective by failing to object to the characterization of Movant as "Lonnie" in the drug ledger. Both in the ledger and at trial, co-defendant Neustel referred to Ellerman as "Lonnie." Movant has come forward with no evidence refuting Neustel's testimony, other than his unsupported belief that there is another person named Lonnie who purchased drugs from Neustel.

Finally, Movant states that counsel was ineffective by not objecting to the quantity of drugs attributed to Movant. Movant states that even if all of the amounts in the drug ledger attributed to "Lonnie" are totaled up, the total amount is still less than 500 grams. As discussed above, Movant was convicted of a conspiracy to distribute more than 500 grams of methamphetamine. What Movant fails to recognize in his argument is that under a conspiracy theory, all of the methamphetamine distributed by the conspiracy is attributable against him. *United States v. Atkins*, 250 F.3d 1203, 1211-12 (8th Cir. 2001). Thus, the fact that Movant personally did not distribute more than 500 grams of methamphetamine is irrelevant, so long as the conspiracy in total distributed the requisite amount. Accordingly, counsel was not ineffective in failing to object to the total drug quantity attributed to Movant.

In short, the Court finds that none of the alleged errors of counsel prejudiced Movant, and Movant is not entitled to relief on this point.

### 4. Unlawful Search and Seizure

Movant's final argument for relief is that evidence obtained as the result of a search warrant executed at Movant's home in Branson, Missouri, should be suppressed because methamphetamine

-7-

and drug paraphernalia obtained during this search were not specifically identified in the warrant.

Under the governing standard in the Eighth Circuit, "[a] lawful search extends to all areas and containers in which the object of the search may be found." *United States v. Nichols*, 344 F.3d 793, 798 (8th Cir. 2003). Furthermore, under the plain view doctrine, officers may seize an item if they have a lawful right of access to the item seized and the object's incriminating nature is readily apparent. *United States v. Collins*, 321 F.3d 691, 694 (8th Cir. 2003). While Movant is correct that the search warrant did not authorize the officers to look for drugs or drug paraphernalia, it did authorize officers to look for handguns and other items that could be easily concealed in areas of the home where drugs and drug related paraphernalia are likely to be located. Thus, given the nature of the search warrant, the location where the items were found, and the obvious incriminating nature of drugs and drug paraphernalia, it cannot be said that the search of Movant's home was unlawful.

## IV. Conclusion

Upon review of Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), the Government's response (Doc. 4), Movant's Reply (Doc. 6) and the record and proceedings in the underlying criminal case, the Court finds that none of Movant's arguments warrant relief under § 2255. Additionally, the Court finds that all the issues can be conclusively resolved by the record and that a hearing is not warranted. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir. 1998). Accordingly, it is hereby:

ORDERED that Movant's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

DATE:   August 9, 2006   */s/ Richard E. Dorr*
                          RICHARD E. DORR, JUDGE
                          UNITED STATES DISTRICT COURT